IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN LESLIE DYSON,

    Plaintiff,

v.                                             CASE NO. 5:11-cv-86-RS-GRJ

P. SEXTON, K. AKE,
and DR. HERCULE,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Gulf Correctional Institution-Annex ("GCI"), initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 in the Middle District of Florida. (Doc. 1.) Plaintiff later filed an Amended Complaint (Doc. 8) and a Motion To Proceed *In Forma Pauperis* (Doc. 9) before the Middle District of Florida entered an order transferring the case to this Court. (Doc. 10.) For the reasons discussed below, it is **RECOMMENDED** that: (1) this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and (2) Plaintiff's Motion To Proceed *In Forma Pauperis* (Doc. 9) should be **DENIED.**

## I. Introduction and Background

Plaintiff brings a claim under the Eighth Amendment alleging that the nurse, the chief doctor and a supervisor violated his constitutional rights by taking Plaintiff's "shaving pass," issued by another institution, and by failing to honor the doctor's order issuing the shaving pass. For relief Plaintiff requests return of his shaving pass, refunds to his medical account of all charges that were incurred in connection with the

confiscation at GCI of his shaving pass, and $5,000 in damages for pain that he contends was caused by the Defendants' forcing him to shave with a razor. Each of the Defendants are employees of the Florida Department of Corrections ("FDOC").

In Plaintiff's complaint, he alleges that shaving with a razor causes the growth of ingrown hairs on his face, pain and itchy, burning sensations. (Doc. 1 pp. 8-9.) Prior to Plaintiff's transfer to GCI, Dr. Nguyen Hung at the Central Florida Reception Center ("CFRC") in Orlando issued Plaintiff a shaving pass that was valid for an entire year. (Doc. 8.) The FDOC has a policy that all inmates must be clean-shaven unless they posses a valid non-shaving pass for a medical reason.[1]

On September 30, 2010, Plaintiff's CFRC shaving pass was taken by Defendant Sexton, a nurse at GCI, who then simultaneously issued Plaintiff a shaving pass for use at GCI that was valid for only 30 days. Plaintiff alleges that his CFRC shaving pass was invalid at GCI. According to Plaintiff, Nurse Sexton told Plaintiff to report back to sick call for another shaving pass once Plaintiff's initial 30 day GCI shaving pass had expired. Defendant K.. Ake is Nurse Sexton's supervisor. While Plaintiff alleges that Defendant Ake was also working on September 30, 2010, there are no allegations in the Amended Complaint that Plaintiff had any contact whatsoever with Defendant Ake.

Defendant Dr. Hercule is the FDOC's chief health officer for the FDOC's Region 1, which includes GCI. Plaintiff complains that Defendant Hercule never examined him and alleges that Dr. Hercule had no contact whatsoever with the Plaintiff. Notably, Plaintiff does not allege what occurred after he was issued the initial 30 day pass by

---

[1] This policy is meant to facilitate the identification of escaped inmates and has been upheld against previous constitutional challenges by FDOC inmates. *Shabazz v. Williams*, 790 F.2d 1536, 1538-40 (11th Cir. 1986)(*per curiam*).

Defendant Sexton. Thus, there are no allegations that the pass was not renewed and there are no allegations that Plaintiff was then forced to shave.

Plaintiff originally filed this case in the Middle District of Florida. The Court, there, denied Plaintiff's Motion To Proceed *In Forma Pauperis* and ordered Plaintiff to file an amended complaint because Plaintiff "ha[d] failed to set forth his claims adequately." (Doc. 4 p. 1.) Plaintiff then filed an Amended Complaint (Doc. 8) and a Motion To Proceed *In Forma Pauperis* (Doc. 9) before the case was transferred to this Court. (Doc. 10.)

Plaintiff's claims against the Defendants are due to be dismissed for failure to state a claim upon which relief can be granted. Plaintiff has failed to allege any actions by the Defendants constituting a violation of his constitutional rights In the Amended Complaint. Plaintiff alleges only that his previously issued year shaving pass was taken and he was issued in its place a 30 day shaving pass. There are no allegations that he was forced to shave during his time at GCI. Even assuming, however, Plaintiff had – or could – allege that he had been forced to shave by the Defendants, these allegations would also fail to state a claim for deliberate indifference under prevailing law in the Eleventh Circuit.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

### III.  Discussion

Plaintiff's Amended Complaint is due to be dismissed because Plaintiff has failed

to state a claim for deliberate indifference to a serious medical issue for two reasons. First, there are no allegations that the Defendants mandated that the Plaintiff shave despite an alleged skin condition. Rather, Plaintiff has merely alleged that the Defendants took his previously issued year shaving pass and in its place issued Plaintiff a 30 day pass subject to monthly renewals. Secondly, a skin condition which makes shaving difficult does not constitute a serious medical need for Eight Amendment purposes so even if the Defendants' actions required Plaintiff to shave, the conduct would not be actionable under the Eight Amendment.

Turning first to the alleged conduct, Plaintiff alleges that Nurse Sexton took the year long shaving pass previously issued by CFRC and in its place issued another shaving pass, albeit a pass for only 30 days. Visibly absent from the Amended Complaint are any allegations that Plaintiff actually was forced to shave with a razor or that Plaintiff suffered any pain or medical issues as a result of being forced to shave.

With regard to Defendants Axe and Hercule, there are no allegations that either Defendant did anything, other than the allegation that Defendant Hercule never examined Plaintiff. As such, there is a complete paucity of allegations against Defendants Axe or Hercule that either of them personally participated in the conduct which Plaintiff alleges violated his rights. In view of the complete absence of allegations against Axe and Hercule, Plaintiff has failed to state a claim against them upon which relief may be granted

Moreover, because the only conduct alleged by Plaintiff against anyone is the act of taking away his previously issued shaving pass and in its place issuing a renewable

30 day pass, Plaintiff has failed to allege any conduct which liberally construed could constitute a violation of Plaintiff's rights under the Eight Amendment.

There is no need for the Court to grant Plaintiff a further opportunity to amend his complaint because even if Plaintiff alleged that the Defendants had denied him a further shaving pass beyond the initial 30 day pass, and forced him to shave, that would be insufficient to state a claim for deliberate indifference as a matter of law.

To establish an Eighth Amendment violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Thus, a prisoner must demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]" *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

In particular with regard to the issue of whether pain and inflammation resulting from being forced to shave can support a claim for deliberate indifference under the Eight Amendment, the Eleventh Circuit has clearly held it does not because the condition does not constitute an objectively serious medical need. *Shabazz v. Williams*,

*Case No: 5:11-cv-86-RS-GRJ*

790 F.2d 1536, 1538 (11th Cir. 1986)(*per curiam*)("Even if Shabazz was required to shave when, on instructions from the physician, he should not have been required, the violation does not rise to the level of the cruel and unusual punishment forbidden by the Eighth Amendment. . . . [T]here is not involved the 'serious medical need' that must be implicated.").

Other circuits that have considered the issue have reached the same conclusion as the Eleventh Circuit. While those courts have focused upon whether being forced to shave exacerbated a skin condition known as pseudofolliculitis barbae ("PFB")[2] those courts concluded that the skin condition did not constitute a serious medical condition for Eighth Amendment purposes. *See*, *e.g.*, *James v. Ramirez*, 304 Fed. Appx. 349, 351 (5th Cir. 2009)(*per curiam*)(noting that the prisoner "has identified nothing in the record beyond his own allegations suggesting that PFB was a serious medical condition or that his condition was serious"); *Turner v. Buckmaster*, No. 90-15855, 1992 WL 57430, at *2 (9th Cir. Mar. 25, 1992)("The evidence in [Plaintiff's] case fails to reveal the seriousness of [Plaintiff's] particular PFB condition. Lacking evidence of the seriousness of [Plaintiff's] PFB, the record does not raise a genuine issue of fact that [Plaintiff] suffered a 'serious medical need.'").

Thus, even if Plaintiff was given leave to amend and alleged that he was forced to shave resulting in inflammation and pain, those allegations would be insufficient to support a claim for deliberate indifference.

Therefore, for these reasons, Plaintiff has failed to allege a claim for deliberate

---

[2] PFB is a skin condition resulting from shaving in which the individual experiences persistent inflamation of the skin on the face from shaving.

indifference under the Eight Amendment and even if Plaintiff could allege that the 30 day pass was not renewed and he was forced to shave, that would be insufficient to allege a claim for violation of the Eighth Amendment. Accordingly, Plaintiff's Amended Complaint is due to be **DISMISSED** for failure to state a claim upon which relief can be granted.

### IV.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Amended Complaint, Doc. 8, should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  It is also respectfully **RECOMMENDED** that Plaintiff's Motion To Proceed *In Forma Pauperis* (Doc. 9) should be **DENIED**.

**IN CHAMBERS** this 12th day of May 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**